IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CRIMINAL NO.   SA:14-CR-246 (02)-XR |
| | ) | |
| (02) EDWARD MESQUITI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER TO DETERMINE COMPETENCY TO STAND TRIAL

On this date came on to be considered the above matter. For the reasons stated in open court, the Court is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against or to assist properly in his defense.

IT IS, THEREFORE, ORDERED, pursuant to 18 U.S.C. § 4241, the Defendant, EDWARD MESQUITI, be examined by a licensed or certified psychiatrist and/or psychologist at a United States Bureau of Prisons Medical Facility closest to the court, to determine his mental competency to stand trial in this cause.

Pursuant to 18 U.S.C. § 4247(c), a psychiatric or psychological report shall be prepared by the examiner designated to conduct the examination, and it shall be filed with the court as soon as possible.  The report shall include specific findings of the following:

1.    the Defendant's history and present symptoms;

2.    a description of the psychiatric, psychological, and medical tests which were employed and their results;

3.    the examiner's findings;

4.    the examiner's opinions as to diagnosis and prognosis;

5.    whether the Defendant is presently suffering from a mental disease or defect;

6.    whether the Defendant is able to understand the nature and consequences of the proceedings against him and, if not, whether it is a result of a mental disease or defect; and

7.    whether the Defendant has sufficient present ability to consult with his lawyer and to assist properly in his defense and, if not, whether it is a result of a mental disease or defect.

IT IS FURTHER ORDERED that the medical facility is authorized to treat the Defendant and administer medication to him as deemed medically appropriate.

IT IS FURTHER ORDERED that no statement, testimony, or evidence made or provided by the Defendant during such examination, and no testimony or report of a psychiatrist or expert based upon such statement, testimony, or evidence, shall be admitted in evidence or used against the defendant in any criminal proceedings except on an issue respecting mental competence.

IT IS FURTHER ORDERED that counsel for the defendant shall make all medical records pertaining to the Defendant available to the examiner for his examination.

IT IS FURTHER ORDERED that counsel for the government shall provide the examiner with the arresting officer's reports or any investigative reports that involve the behavior of the defendant.

**IT IS FURTHER ORDERED that the deadlines set out in the Court's Scheduling Order signed on November 17, 2014 are hereby VACATED until further order of the Court.**

The Court finds that the period between February 17, 2015  up until the examiner's report is received by the Court shall be excluded in computing the time in which said Defendant must be

brought to trial under the Speedy Trial Act, pursuant to Title 18, United States Code, Section 3161(h)(1)(A).

IT IS FURTHER ORDERED that as soon as the Bureau of Prisons designate an appropriate medical facility for the examination, the United States Marshal shall immediately transport the Defendant, EDWARD MESQUITI to that facility.  At the conclusion of said examination,  the United States Marshal shall return the Defendant to his present place of confinement.

Signed this _____ 10th _____ day of February, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE